Mark Brnovich
Attorney General
Firm State Bar Number 14000

Kara M. Karlson (029407)
Joseph E. La Rue (031348)
Assistant Attorneys General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-3333
Fax: (602) 542-8308
kara.karlson@azag.gov
joseph.larue@azag.gov

Attorneys for Defendant Michele Reagan,
Arizona Secretary of State

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Project Vote, Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michele Reagan, et al.<br><br>　　　　Defendants. | No. CV-16-01253-PHX-DLR<br><br>**SECRETARY OF STATE'S MOTION FOR AN ORDER ENJOINING PARAGRAPH 3 OF THE SETTLEMENT AGREEMENT BETWEEN PROJECT VOTE AND MARICOPA COUNTY, (DOC. 71-1), AS APPLIED TO VOTERS WHOSE ADDRESSES ARE PROTECTED BY STATE LAW.** |

　　　The Defendant Secretary of State moves this honorable Court for an Order enjoining Paragraph 3 of the Settlement Agreement between Plaintiff Project Vote and Defendant Maricopa County (the "Settlement Agreement") (Doc. 71-1), solely as it applies to certain voters whose addresses are protected pursuant to A.R.S. §§ 16-153 et

1

seq. and 41-161 et seq. The Secretary requests that this Court make its injunction effective until Project Vote and Maricopa County rewrite Paragraphs 7(a) and (c) of the Settlement Agreement to conform with state law and provide the legally required level of confidentiality for these addresses.

This Motion is made on the basis of the attached Memorandum of Points and Authorities, as well as the declarations of Eric L. Spencer and Betty H. McEntire, attached as Exhibits 1 and 2 to this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Paragraph 3 of the Settlement Agreement requires Maricopa County to release certain information, including voters' street addresses, precinct information, and county of residence, to Project Vote and other members of the public who request it. Paragraph 7(c) purports to require the redaction of confidential information related to voters who are part of the state's Address Confidentiality Program, established by A.R.S. § 41-161 et seq. But because Paragraph 7(c) does not comport with state law, it places the physical safety—and perhaps even the lives—of seventy-five Maricopa County voters and their families at risk.

These seventy-five voters are victims of domestic violence, sexual abuse, and stalking. The State determined that those who victimized them are a continuing danger to them. Accordingly, the State has placed them within the Address Confidentiality Program to protect the complete confidentiality of their residential, work, and school addresses. The Address Confidentiality Program requires the State to provide participants with false, substitute addresses that they may use anytime they are required to provide their addresses pursuant to state law. And the law requires both the state and its political subdivisions to keep their actual addresses secret. In fact, the law prohibits counties from even acknowledging that those who are part of this program live within a

particular county. Because Paragraph 7(c) does not require the redaction of this confidential information—and Paragraph 3 requires its disclosure unless Paragraph 7 provides an exception—the Settlement Agreement will cause Maricopa County to produce the precinct information and the county of residence of voters who participate in the Address Confidentiality Program to Project Vote. Worse still, Paragraph 7(c) only applies to voter registration information that Maricopa County provides to Project Vote. Therefore, under the plain terms of the Settlement Agreement, Maricopa County would be required to provide the full street address, telephone number, precinct information, and county of residence of a registered voter participating in the Address Confidentiality Program to any member of the public who asks—including those who want to harm that voter.

Similarly, some former elected officials, members of law enforcement, prosecutors, public defenders, and judges, among others, are part of a confidentiality program, established by A.R.S. § 16-153, that prohibits the government from disclosing their street addresses, precinct information, and telephone numbers. Paragraph 7(a) properly requires this information to be redacted before Maricopa County provides information about these voters to Project Vote. But it does not require the information to be redacted when other members of the public request it. As a result, Paragraph 3 requires Maricopa County to release the street addresses, telephone numbers, and precinct information of these public servants when anyone other than Project Vote asks for it.

The Secretary therefore asks this Court to enjoin Paragraph 3 of the Settlement Agreement as it applies to voters whose addresses are protected by these state laws, until Maricopa County and Project Vote bring Paragraphs 7(a) and (c) into compliance with the law to ensure the safety of this vulnerable group of Arizonans.

# ARGUMENT

## I. Arizona's Laws Protecting the Confidentiality of Certain Addresses Further the State's Interest in Protecting the Safety and Wellbeing of Its Citizens.

**A.   Arizona's Address Confidentiality Program Protects Domestic Violence, Sexual Abuse, and Stalking Victims and Their Families.**

The Address Confidentiality Program, codified at A.R.S. § 41-161 et seq., was designed to protect victims of domestic violence, sexual abuse, or stalking. A.R.S. § 41-162(A). It helps survivors stay safe by providing them a substitute address they can disclose on any government form requiring their address. *Id*. This substitute address is not related to their real address. (Ex. 2, Declaration of Betty L. McEntire ("McEntire Decl.") at ¶ 7.) Participants are able to utilize this substitute address instead of their home, work, or school addresses when they are required to provide their address on government forms. A.R.S. § 41-166(A). All state and local government agencies must accept the substitute address. *Id*. at (B).

To become a participant in the Address Confidentiality Program, an individual is screened by an "application assistant," designated by the Secretary, to prepare the application and recommend that individual for participation in the program. A.R.S. § 41-163(A). The application must include, among other things, attestation under oath and subject to perjury that the participant is a victim of domestic violence, sexual offense, or stalking. *Id*. at (C). It also must include evidence to that effect. *Id*. Specifically, the applicant must provide at least one of the following: a law enforcement report, documentation from a domestic violence program or facility, documentation from a sexual assault program, or documentation from a "religious, medical or other professional" from whom the individual has sought help. *Id.* at (C)(2). In addition to protecting the participant, these provisions apply to, and so protect, minors and other people who reside with the participant. *Id.* at (C)(10).

The Address Confidentiality Program protects four critical pieces of personal

information from public disclosure: residential, work, and school addresses; telephone number; precinct number; and, county of residence. *See* A.R.S. § 41-165(E) (prohibiting the disclosure of a participant's "actual address or telephone number" by an employee of a "local government entity") *and* A.R.S. § 41-161(1) (defining actual address as "residential, work or school address . . . and includes the county and voting precinct number"). Disclosure of this information is a class 1 misdemeanor. A.R.S. § 41-165(F).

There are 637 households in Arizona that have an adult in the Address Confidentiality Program. (McEntire Decl. at ¶ 18.) Over 900 children live in those households. (*Id*. at ¶ 25.) Some 349 of the adult participants in the Address Confidentiality Program are registered to vote. (*Id*. at ¶ 21.) Seventy-five of those registered voters reside in Maricopa County. (*Id*. at ¶ 22.) These voters ("ACP Protected Voters") depend on the protections provided by the Address Confidentiality Program to register to vote while still protecting the confidentiality of their residences and, hence, their safety. ACP Protected Voters may not register to vote if that person knows that their home address, neighborhood, or county, might be provided to the public. (*Id.* at ¶ 26.)

An ACP Protected Voter's precinct is a key piece of information that a stalker or abuser can use to determine where his victim lives. (McEntire Decl., ¶ 13.) Essentially, a precinct is often a voter's neighborhood. Some precincts in Maricopa County are as small as 123 square yards—just slightly larger than the length of a football field. (Ex. 1, Declaration of Eric H. Spencer, ("Spencer Decl.") at ¶ 22.) The twenty smallest precincts in Maricopa County are smaller than a half square mile. (*Id*. at ¶ 21.) Identifying a voter's precinct is tantamount to identifying her neighborhood, and would provide an abuser with a targeted way to find his or her victim. (*Id*. at ¶ 23.) Even identifying an ACP Protected Voter's county of residence can compromise her safety. (McEntire Decl. at ¶ 14.) These pieces of information can be used by stalkers and abusers to locate their

victims. (*Id*. at ¶¶12-14.) By protecting the confidentiality of Program participants' full addresses, including their precinct and county of residence, the ACP Program furthers the compelling state interest in protecting the safety and well-being of this small, but very vulnerable group, of Arizonans.

**B.  Arizona's Public Official Address Protection Law Protects Public Servants and Their Families.**

Arizona law also protects the confidentiality of certain public servants' residential addresses, telephone numbers, and precinct numbers. A.R.S. § 16-153(A). This protection is available to certain former elected officials, as well as certain members of law enforcement, judges and justices, prosecutors, and public defenders, among others. *Id*. at (K)(4). To qualify for the protection, the public servant must reasonably believe that her life or safety is in danger, and must swear to such in an affidavit. *Id*. at (B). Those requesting that their addresses and phone numbers be kept confidential are only placed on the protected list "if the presiding judge [of the superior court] determines that this action will reduce a danger to the life or safety of the affiant." *Id*. at (E).

**II.  Paragraph 3 of the Settlement Agreement Violates State Law and Endangers Address-Protected Voters and Their Families.**

Paragraph 3 of the Settlement Agreement requires Maricopa County to provide, among other things, a voter's county of residence, residential address, precinct information, and telephone number. *See* Settlement Agreement (when used as a citation, "SA"), at ¶ 3(b) (requiring the disclosure of "[a]ll Identifying Information") *and* Definition 4 (defining "Identifying Information" to include county of residence, residential address, precinct information, and telephone number). Maricopa County must provide this information to Project Vote and all other members of the public who request it. *Id*. at ¶ 3. Paragraph 7 recognizes that "[c]ertain information" must be "treated as confidential" pursuant to Arizona statutes. *Id*. at ¶ 7 (the "Redaction Clause"). But the Redaction Clause only applies to information Maricopa County produces to Project Vote;

it does not apply to any information Maricopa County discloses to any other person or entity that may request voter registration information. This puts the safety of these voters at risk, and violates state law, for two reasons.

### A. The Redaction Clause Only Applies to Information Disclosed to Project Vote, But the Settlement Agreement Requires Information to be Disclosed to the General Public As Well.

The Redaction Clause requires Maricopa County to redact the residential addresses and telephone numbers of ACP Protected Voters before providing those voters' information to Project Vote. SA at ¶ 7(c). Even with regard to information given to Project Vote, this redaction is not enough. *See infra*, Part II.B. But with regard to information that must be provided to the general public pursuant to the Settlement Agreement, the Redaction Clause is a life-threatening failure. It provides no protection for ACP Protected Voters, and requires the public disclosure of their actual address to anyone who asks.

The Settlement Agreement requires Maricopa County to produce voter registration information to any member of the public who asks for it. SA at ¶ 3. This includes a voter's actual address. *Id*. So, if a member of the public—including a victim's abuser or stalker—requests the address of an ACP Protected Voter, the Settlement Agreement requires Maricopa County to release that information because the Redaction Clause only applies to information provided to Project Vote. *Id.* at 7(c) ("[F]or a Record subject to protection under Title 41 Section 161, *et seq.*, the Recorder's Office shall redact any address or telephone number before providing it to Project Vote."). The failure to ensure redaction of confidential and sensitive information before releasing it to the general public will endanger the lives and safety of the seventy-five ACP Protected Voters residing in Maricopa County, as well as their children and anyone else living with them. (McEntire Decl. at ¶¶ 14-17, 25).

This same result occurs with regard to the Redaction Clause's treatment of former

elected officials, members of law enforcement, prosecutors and public defenders, and justices and judges, whose addresses and telephone numbers are protected pursuant to A.R.S. 16-153. The Redaction Clause requires that Maricopa County make the legally required redactions before producing these voters' information to Project Vote. SA at ¶ 7(a). But it does not require redaction when Maricopa County responds to requests for this information from other members of the public. Because Paragraph 3 of the Settlement Agreement requires Maricopa County to disclose voters' residential addresses, precinct numbers, and telephone numbers to the general public, the absence of a standard redaction requirement that applies to any information produced pursuant to the Settlement Agreement will place the lives of public servants and their families at risk.

**B.     The Redaction Clause Does Not Require Redaction of ACP Protected Voters' County of Residence and Precinct Numbers.**

The Settlement Agreement executed by Maricopa County and Project Vote requires Maricopa County to identify for Project Vote all ACP Protected Voters residing within its borders, and supply their precinct numbers. This requirement violates state law and places the lives and safety of ACP Protected Voters at risk.

Arizona law prohibits the state or any of its political subdivisions or their employees from disclosing ACP Protected Voters' *actual addresses*. A.R.S. § 41-165(E). The statute defines "actual address" to include the county in which the ACP Protected Voter lives, as well as their precinct information. A.R.S. § 41-161(1). Anyone who discloses the county in which an ACP Protected Voter resides, or the precinct in which they vote, commits a class 1 misdemeanor. A.R.S. § 41-165(F). Thus, Maricopa County is prohibited from even acknowledging that an ACP Protected Voter resides within the county. It is also prohibited from disclosing those voters' precinct information.

## CONCLUSION

To comport with Arizona law, and to protect the safety of ACP Protected Voters, Paragraph 7(c) of the Redaction Clause must be rewritten to require the redaction of all

identifying information related to ACP Protected Voters, including their names. And the Redaction Clause must apply to requests for information from anyone, not just requests from Project Vote. Paragraph 7(a), meanwhile, must be rewritten to require the redaction of the identified information when Maricopa County responds to anyone's request for voter information, not just when it responds to Project Vote's requests.

For the foregoing reasons, the Secretary respectfully requests that the Court grant her motion.

RESPECTFULLY SUBMITTED this 28th day of March, 2017.

>MARK BRNOVICH
>Arizona Attorney General
>
>By: s/ Kara M. Karlson
>    Kara M. Karlson
>    Joseph E. La Rue
>    Assistant Attorneys General
>    1275 West Washington Street
>    Phoenix, Arizona 85007
>    *Attorneys for Defendant Michele Reagan, Arizona Secretary of State*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

s/ Maureen Riordan

#5851885-v3